583 So.2d 140 (1991)
SUCCESSION OF Alvin Jeremiah McCARTHY, Jr.
No. CA 90 0534.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
*141 Jerry W. Sullivan, Metairie, for defendants-appellants.
Jerald N. Andry, Gilbert V. Andry, III, New Orleans, for plaintiff-appellee.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
COVINGTON, Chief Judge.
On May 24, 1987, Alvin J. McCarthy, Jr., died testate. He was survived by his three children and Nancy Keller McCarthy, his second wife. McCarthy's will provided onehalf of his property to go to his wife and one-half to his children, subject to a usufruct in favor of his wife, Nancy. However, the petition for possession stated the terms of the will provided for a life usufruct in favor of Nancy over that portion of property inherited by the three children.
On July 27, 1987, a Judgment of Possession was signed which included this statement and Nancy Keller McCarthy was sent into possession of one-half of all the property of the decedent and a life usufruct in her favor over the remaining half.
In September, 1987, Nancy Keller McCarthy remarried. On March 3, 1989, the children sought to reopen the succession of Mr. McCarthy, alleging the termination of the usufruct in accordance with Louisiana Civil Code article 890.[1] The trial court maintained Nancy Keller McCarthy's peremptory exceptions raising the objections of no cause of action and no right of action and the children appealed.
For the following reasons, we affirm the court's ruling on defendant's exception raising the objection of no cause of action and decline to reach the peremptory exception raising the objection of no right of action.
Article 3393 B. of the Louisiana Code of Civil Procedure provides, in pertinent part:
B. After tacit or express acceptance by the heirs or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions tacitly or expressly accepted by heirs and in successions where a judgment of possession has been rendered, in so far as same is applicable.
This article authorizes the reopening of an accepted succession following a Judgment of Possession for two reasons: 1) if other property is discovered or 2) for any other proper cause. In the instant case, there has been no discovery of omitted property; *142 however, the children allege there is proper cause to reopen the succession.
The usufruct originally established by Louisiana Civil Code art. 916, now contained in Louisiana Civil Code art. 890, has been recognized by our courts as a legal usufruct and unless there is an adverse testamentary disposition by the testator, a provision in the will granting this usufruct is only testamentary confirmation of the legal usufruct created by operation of law. See Succession of Waldron, 323 So.2d 434 (La.1975). This usufruct, unless confirmed by testament for life or a shorter period of time, terminates upon the remarriage of the surviving spouse.
The dispositive provisions of the will in this case provide:
"I will and bequeath unto my wife, NANCY KELLER MCCARTHY, onehalf (½) of all the property of which I may die possessed, both real and personal, and the usufruct of the remaining one-half (½) of all the property of which I may die possessed, both real and personal.
I will and bequeath unto my three children, ALVIN JEREMIAH MCCARTHY, III, LEAH MCCARTHY, AND LAURA MCCARTHY, one-half (½) of all the property of which I may die possessed, both real and personal, share and share alike, subject to the usufruct heretofore given to my wife, NANCY KELLER MCCARTHY."
This testamentary confirmation of the legal usufruct, absent any express grant for life or a shorter period, terminates upon remarriage, by operation of law. However, in this case, this testamentary disposition was recognized in the petition for possession and in the Judgment of Possession as a life usufruct. The children did not seek to have the judgment amended, they did not make an application for new trial, they did not seek to have the judgment annulled nor did they appeal. The Judgment of Possession is final.
Applying Louisiana Code of Civil Procedure article 3393 B, and in the absence of discovered property inadvertently omitted, the only available reason for reopening the succession is "proper cause." Proper cause was found in Succession of McLendon, 383 So. 2d 55 (La.App. 2 Cir. 1980), where the Second Circuit held "the discovery of a valid will following the administration of an intestate succession is certainly proper cause for reopening the succession under LSA-C.C.P. Art. 3393, especially where the circumstances surrounding the succession indicate fraudulent conduct."
In Succession of Lasseigne, 488 So.2d 1303 (La.App. 3 Cir.1986), writ denied, 494 So.2d 327 (La.1986), there was no proper cause to reopen the succession where "no creditor was appearing to demand payment of a debt, no overlooked assets sought to be recovered for distribution among the heirs had been found and all of the heirs had purely, simply and unconditionally accepted this succession."
"Whether a succession will be reopened or not is within the sound discretion of the trial court." Danos v. Waterford Oil Co., 225 So.2d 708, writ denied, 254 La. 856, 227 So.2d 595 (1969). We conclude there was no error by the trial court in maintaining the peremptory exception raising the objection of no cause of action where the children had unconditionally accepted the succession and no proper cause to reopen the succession was found.
Having found the peremptory exception raising the objection of no cause of action correctly maintained we pretermit consideration of the remaining assigned error. Costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.
LANIER, J., concurs and assigns reasons.
LANIER, Judge, concurring.
I respectfully concur in the result reached by the majority.
The basic purpose of La.C.C.P. art. 3393 is to provide a means for dealing with overlooked succession assets. Succession of Yancovich, 289 So.2d 855 (La.App. 4th Cir.1974). The "catchall" phrase "for any *143 other proper cause" should be strictly construed so that a succession is not reopened unless the reason is serious and essential. L. Oppenheim, Succession and Donations, 10 Louisiana Civil Law Treatise, § 246, pp. 356-357 (1973). This "catchall" phrase should not authorize an action where a timely motion for new trial, an appeal or an action for nullity is an adequate remedy. Under the particular facts of this case, the trial court did not abuse its discretion in holding that the petition failed to allege proper cause.
NOTES
[1] Art. 890. Usufruct of surviving spouse

If the deceased spouse is survived by descendants and shall not have disposed by testament of his share in the community property, the surviving spouse shall have a legal usufruct over so much of that share as may be inherited by the descendants. This usufruct terminates when the surviving spouse contracts another marriage, unless confirmed by testament for life or for a shorter period.
The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.
A usufruct authorized by this Article is to be treated as a legal usufruct and is not an impingement upon legitime.
If the usufruct authorized by this Article affects the rights of heirs other than children of the marriage between the deceased and the surviving spouse or affects separate property, security may be requested by the naked owner.