841 So.2d 91 (2003)
Raymond BERTHELOT and Edna Cooper Berthelot
v.
AVONDALE INDUSTRIES, INC. (formerly Avondale Shipyards, Inc.) and its Executive Officers, Peter Territo, Steven Kennedy, and Albert Bossier; A.P. Green Industries, Inc.; Armstrong World Industries, Inc., (formerly Armstrong Cork Company), et al.
No. 2002-CA-1779.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 2003.
Rehearing Denied April 15, 2003.
Perry J. Roussel, Jr., Gerolyn P. Roussel, Jules K. Boudreaux, Albert J. Campani II, Roussel & Roussel, LaPlace, LA, for Plaintiff/Appellant.
Janis W. Lemle, A. Wendel Stout, III, Janet MacDonell, Margaret Joffe, William C. Harrison, Jr., Janice M. Culotta, Andre C. Broussard, Kevin J. Webb, J. Nicole Heyman, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Rhone-Poulene A.G. Co., etc.
Lynn Luker, Lynn Luker & Associates, LLC, New Orleans, LA, for Foster Wheeler L.L.C.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, and Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal by the plaintiffs, who contend that the trial court erred in granting summary judgment in favor of two of the defendants. For the following reasons, we reverse the trial court's decision and remand this case to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
Raymond Berthelot and his wife, Edna Cooper Berthelot, (the "Berthelots") filed a petition for damages on June 13, 2000, alleging that Mr. Berthelot contracted asbestosis as a result of his exposure to *92 asbestos containing products while he was employed by Avondale Industries, Inc. ("Avondale"). In the petition, Mr. Berthelot claimed damages for past, present, and future physical and mental pain and suffering, medical expenses, lost wages, fear of cancer, and certain other items of damage, and Mrs. Berthelot claimed damages for loss of consortium and loss of support among other things.
The original petition named twenty-five defendants, and after the petition was supplemented, a total of thirty-two parties were named as defendants. The defendants were Avondale and various manufacturers, producers, and suppliers of asbestos-containing products as well as the insurers of some of these parties.
The two defendants involved in this appeal are Foster Wheeler, L.L.C. ("Foster Wheeler") and Rhone-Poulenc Ag Company, formerly Benjamin-Foster, Division of AmChem Products ("Benjamin Foster"). Both Foster Wheeler and Benjamin Foster filed motions for summary judgment asking the trial court to dismiss them from the case. Hearings on these motions for summary judgment, as well as on a number of other motions for summary judgment, were held on March 8, and March 15, 2002. The trial court granted summary judgment in favor Foster Wheeler and Benjamin Foster in open court on March 15, 2002. On March 19, 2002, the trial court rendered a written Judgment granting the motions for summary judgment in favor of both Foster Wheeler and Benjamin Foster and dismissing them both from the case. On May 9, 2002, the Berthelots filed a devolutive appeal of the trial court's decision.

STANDARD OF REVIEW AND APPLICABLE LAW
In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257 (La.2/29/00), 755 So.2d 226, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Id. at p. 7 and at 230-31.
See also Austin v. Abney Mills, Inc., XXXX-XXXX (La.9/04/02), 824 So.2d 1137; Randall v. Chalmette Medical Center, Inc., XXXX-XXXX (La.App. 4 Cir. 5/22/02), 819 So.2d 1129; Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, writ denied, XXXX-XXXX (La.4/26/02), 814 So.2d 558.
In Knowles v. McCright's Pharmacy, Inc., 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, the Court stated:

*93 Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/08/00), 775 So.2d 1049; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226. Furthermore, as noted by the supreme court in Independent Fire Insurance Co., supra, the trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure. Id. at p. 3 and at 103.
In Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, this Court discussed the standard for reviewing an appeal of a motion for summary judgment. This Court stated that "[i]n determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence". Id. at p. 4 and at 830.
Based on the foregoing, in the instant case this Court must conduct a de novo review to determine whether the trial court committed error in granting summary judgment in favor of Foster Wheeler and Benjamin Foster. In conducting the review, this Court must construe any factual inferences drawn from the evidence in favor of the Berthelots, who are opposing the motions for summary judgment. Also, at this juncture in the proceedings, this Court cannot make any determination on the merits of the Berthelots' claims, make any credibility determinations, or evaluate the weight of the evidence.

DISCUSSION
To determine whether the trial court erred in granting the motions for summary judgment in favor of Foster Wheeler and Benjamin Foster, this Court must determine whether there are any genuine issues of material fact. The following discussion sets forth our determinations with respect to each of the two defendants involved in this appeal.
Foster Wheeler
Foster Wheeler manufactured boilers used in the construction of ships, and some of these boilers contained asbestos. Foster Wheeler contends, however, that a list of ships built at the Avondale ship yards and the testimony of an Avondale boilermaker established that no ships containing Foster Wheeler boilers were constructed at Avondale Shipyard from June 1967, until October of 1974, which covered the time period during which Mr. Berthelot worked on new ship construction at the Avondale ship yards. Also, although Mr. Berthelot did repair work on ships and boilers during the mid-1970's at the ship yards, Foster Wheeler contends that Mr. Berthelot offered "no specifics" in his deposition, was unable to testify as to the name or identification number of any ship on which he performed repair work, and offered no evidence that a Foster Wheeler boiler was ever repaired at Avondale ship yards during his employment at Avondale.
Mr. Berthelot, however, testified in his deposition that he worked on and around Foster Wheeler boilers while he was employed by Avondale both during new ship construction and the repair of existing ships. Mr. Berthelot testified that he went inside boilers to inspect them and that he cleaned debris from inside the boilers. Mr. Berthelot specifically testified *94 that he worked on Lykes vessels, and he contends that those vessels contained Foster Wheeler boilers. Additionally, Mr. Berthelot contends that the depositions of several Avondale employees support the contention that Foster Wheeler boilers were repaired at Avondale during the time he inspected boilers at Avondale.
The contentions of Foster Wheeler and of Mr. Berthelot are factually contradictory. Whether Mr. Berthelot was exposed to asbestos from Foster Wheeler boilers at any time during his employment at Avondale is a material question of fact that is unresolved. Therefore, there is a genuine issue of material fact involving Foster Wheeler that precludes summary judgment against the Berthelots.
Benjamin Foster
Benjamin Foster manufactured mastics, sealants, and water coatings. Benjamin Foster admits that some of these products contained asbestos but contends that all of the asbestos fibers were fully encapsulated by binder material compounds. Also, Benjamin Foster contends that Mr. Berthelot was unable to identify Benjamin Foster products with which he had contact and that the contact he may have had carrying these products to job sites would not have exposed him to asbestos.
Mr. Berthelot, however, testified in his deposition that he recalled the name "Foster" in connection with his inspection of pipe joints. He recalled seeing cement applied to pipes for the purpose of sealing joints and cracks in pipe insulation. Mr. Berthelot additionally testified that he had to remove the hardened cement when he x-rayed pipes as part of the inspection duties of his job and that when the cement fell to the floor and was stepped upon, dust was emitted from the cement. Mr. Berthelot also contends that the testimony of an industrial hygienist has confirmed that Benjamin Foster fibrous adhesives were not encapsulated products. Further, a former Avondale employee who worked closely with Mr. Berthelot has offered deposition testimony that Benjamin Foster products were used at Avondale during the time period that Mr. Berthelot worked there.
The facts recited by Benjamin Foster and by Mr. Berthelot, regarding the use of Benjamin Foster products at Avondale and regarding their encapsulation, conflict. Whether Mr. Berthelot was exposed during his employment at Avondale to Benjamin Foster products containing asbestos that was not encapsulated is, therefore, a material issue of fact. Because of this genuine issue of material fact, we conclude that the trial court should not have granted summary judgment in favor of Benjamin Foster.
This Court finds that summary judgment should not have been granted in favor of either Foster Wheeler or Benjamin Foster. We have reviewed the facts in a light more favorable to the Berthelots, because they are the parties who opposed the motions for summary judgment. In so reviewing the facts, we have determined that there are genuine issues of material fact that should be evaluated by a jury or other trier of fact to determine whether Mr. Berthelot can show by a preponderance of the evidence that he was exposed to and damaged by the products manufactured by Foster Wheeler or Benjamin Foster.

CONCLUSION
Based on the foregoing discussion, we conclude that the trial court erred in granting summary judgment in favor of Foster Wheeler and Benjamin Foster. Therefore, we reverse the trial court judgment granting summary judgment in favor of these two defendants and remand this *95 case to the trial court for further proceedings.
REVERSED AND REMANDED.