977 So.2d 1123 (2008)
Golzie DANOS and Thibodeaux Danos
v.
AVONDALE INDUSTRIES, INC. (Formerly Avondale Shipyards, Inc.) and its Executive Officers, et al.
No. 2007-CA-1094.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
Order Granting Rehearing March 6, 2008.
*1124 Gerolyn P. Roussel, Perry J. Roussel, Jr., Jonathan B. Clement, Lauren R. Clement, Roussel & Clement, LaPlace, LA, for Faye Thibodeaux Danos, Julie Danos Landry, Jill Danos Trosclair, Jana Danos Anzelmo.
Lynn M. Luker, Lynn Luker & Associates, LLC, New Orleans, LA, for Foster Wheeler LLC.
(Court composed of Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
DAVID S. GORBATY, Judge.
Plaintiffs, Faye Thibodeaux Danos, Julie Danos Landry, Jill Danos Trosclair and Jana Danos Anzelmo, appeal a summary judgment granted in favor of defendant, Foster Wheeler, L.L.C. For the following reasons, we affirm.
PROCEDURAL HISTORY:
This suit was initially filed on behalf of Golzie Danos and his wife, Faye Thibodeaux, for damages incurred by Mr. Danos in connection with his employment by Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc. (Avondale) from approximately 1964 to 1977. Following Mr. Danos' death, his widow and adult children filed survival and wrongful death actions. The actions alleged that Mr. Danos was exposed to asbestos-containing products developed and manufactured by Foster Wheeler, which exposure caused him to contract mesothelioma and to ultimately die from the disease.[1]
Foster Wheeler filed a Motion for Summary Judgment alleging that it was never a manufacturer of asbestos products; rather, it is an engineering company that designs power generation equipment such as boilers. The trial court granted summary judgment finding that there was insufficient evidence to overcome plaintiffs' burden of proof at trial that Mr. Danos was exposed to asbestos from any products manufactured by Foster Wheeler. Plaintiffs have appealed that ruling.
STANDARD OF REVIEW:
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, *1125 p. 7 (La.2/29/00), 755 So.2d 226, 230; Grant v. American Sugar Refining, Inc., 06-1180, p. 3 (La.App. 4 Cir. 1/31/07), 952 So.2d 746, 748. Summary judgments shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art 966(B). However, as noted by the Supreme Court in Sunbeam, supra, the trial court cannot make credibility determinations on a motion for summary judgment. Sunbeam, 99-2181, 99-2257, p. 16, 755 So.2d at 236. Further, the weighing of conflicting evidence has no place in the summary judgment procedure. Grant, 06-1180, p. 4, 952 So.2d at 748.
The burden of proof remains with the mover. Grant, supra; Bd. of Assessors of the City of New Orleans v. City of New Orleans, 02-0691, p. 8 (La. App. 4 Cir. 9/25/02), 829 So.2d 501, 506. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require the mover to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Bd. of Assessors, pp. 8-9, 829 So.2d at 506; Grant, supra. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact. Grant, supra.
A fact is material if it is essential to plaintiff's cause of action under the applicable theory of recovery and if without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Grant, 06-1180, p. 4, 952 So.2d at 748-49.
A plaintiff in an asbestos case must show by a preponderance of the evidence that he was exposed to asbestos from the defendant's products, and that lie received an injury that was substantially caused by that exposure. When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor in causing plaintiff's harm. Vodanovich v. A.P. Green Indus., Inc., 03-1079, p. 3 (La. App. 4 Cir. 3/3/04), 869 So.2d 930, 932.
DISCUSSION:
To determine if the trial court erred in granting Foster Wheeler's motion for summary judgment, we must determine whether any genuine issues of material fact exist.
Golzie Danos was employed by Avondale from approximately 1964 to 1977 as an electrician's helper, electrician, terminator and foreman. He performed new construction and repair work on vessels such as destroyer escorts, Coast Guard cutters and high endurance ships, Exxon tankers, LASH vessels, and various cargo vessels. Although Mr. Danos admitted that he did not work on boilers, he testified by deposition[2] that he worked around other men who were laying pipes on and to the boilers. Mr. Danos claimed that sometimes the insulating work being done on the boilers would interfere with his electrical *1126 work because the area was "very dusty," and insulating adhesives that fell on the electrical cables would have to be scraped off. The companies whose products Mr. Danos saw being applied to or from the boilers were Eagle, Taylor, Kylo, Micarta, Flintkote and Benjamin Foster.
Contrary to the above testimony, Mr. Danos also testified that he did not do much work around boilers at all; in fact, the only vessels on which he worked around boilers were the destroyer escorts. Evidence was produced by Foster Wheeler to prove that its boilers were not used on these particular vessels. Mr. Danos further testified that when he was in a boiler room when insulation was being done on pipes, he "would usually be out of there as fast as [he] could."
Foster Wheeler offered evidence that the boilers on the destroyer escorts were manufactured by Combustion Engineering. A designer for Combustion Engineering testified that the scope of supply of a boiler company was what went on inside the boiler, and did not go beyond this to the external connections.
Lester Plaisance, an Avondale boilermaker, testified that Foster Wheeler boilers were used on destroyer escorts. However, he stated that the Foster Wheeler name appeared only on the metal, tubes and headers, not on any cement or brick product installed on the boiler. Lester Adams, a warehouseman, confirmed that Foster Wheeler's name was only on boxes of hardware, not boxes of block, pipe covering or insulation products.
Rudy Walker testified that he worked around boilermakers who cut insulation to be installed on the boilers. As an electrician, he connected electrical components to the boilers while the insulating work was being done. Mr. Walker, however, did not testify that he ever worked with or around Mr. Danos, and further testified that he never worked on the destroyer escorts, the only vessels on which Mr. Danos stated he worked around boilers.
Plaintiffs offered a plethora of deposition testimony from various Avondale employees who testified that they worked on or around boilers. However, none of them testified that they worked with Mr. Danos. Similarly, numerous Avondale employees testified that Foster Wheeler boilers were installed on ships during the relevant time period. Foster Wheeler has freely admitted that it supplied boilers to Avondale. This fact, however, is relevant only if they were installed on vessels on which Mr. Danos worked, and pipefitting or other installation procedures exposed him to asbestos.
Accordingly, we find that plaintiffs' have failed to produce factual support for their claim that Foster Wheeler caused or contributed to Mr. Danos' disease or death sufficient to satisfy their evidentiary burden of proof at trial. We therefore affirm the judgment of the trial court.
AFFIRMED.
BELSOME, J., dissents with reasons.
BELSOME, J., dissenting.
I had hoped to join in the majority opinion but am unable to do so and must dissent.
Industrial asbestos related diseases have a latency period of 10 to 40 years. See Products Liability: Inhalation of Asbestos, 39 A.L.R.4th 399. The most lethal of these diseases, mesothelioma, is rarely detected earlier than 20 years post exposure. Id. Consequently, litigants are often forced to use depositions and transcripts from other proceedings to bolster their position. This case presents such a situation.
This circuit has published asbestos injury related opinions for approximately 30 *1127 years. Thus, there is an established body of law on interpreting and differentiating the fact burden standard applicable to summary judgment, as opposed to post judgment review. The majority relies heavily on the plaintiffs' burden of proof at trial, stating that "[a] plaintiff in an asbestos case must show by preponderance of the evidence that he was exposed to asbestos from defendant's products, and that he received injury that was substantially caused by that exposure. When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor in causing plaintiffs harm."
Although we must be mindful of the plaintiffs' burden at trial, we must also remember that when reviewing the evidence submitted for purposes of overcoming a summary judgment "[f]actual inferences reasonably drawn from the evidence must be construed in favor to the party opposing the motion and all doubt must be resolved in the opponent's favor." Berthelot v. Avondale Industries, Inc. 02-1779, p. 2 (La.App. 4 Cir. 2/26/03), 841 So.2d 91, 93 citing Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049 and Independent Fire Insurance Co. v. Sunbeam Corp, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
This court acknowledged in Hennegan v. Cooper/T. Smith Stevedoring Co., Inc., 02-0282 p. 7 (La.App. 4 Cir. 12/30/02), 837 So.2d 96, 102, that circumstantial evidence can be used to prove causation if it is "sufficient to tilt the balance from possibility to probability." Furthermore, in Zimko v. American Cyanamid, .03-0658 (La. App. 4 Cir. 6/08/05), 905 So.2d 465, this Court, citing Borel v. Fibreboard Paper Products Corp., 493 F.2d 1076 (5th Cir. 1973), discussed the substantial factor standard in asbestos cases. At that time this Court adopted language from the Borel court as follows:
[I]t is impossible, as a practical matter, to determine with absolute certainty which particular exposure to asbestos dust resulted in injury to Borel. It is undisputed, however, that Borel contracted asbestosis from inhaling asbestos dust and that he was exposed to the products of all the defendants on many occasions. It was also established that the effect of exposure to asbestos dust is cumulative, that is, each exposure may result in an additional and separate injury. We think, therefore, that on the basis of strong circumstantial evidence the jury could find that each defendant was the cause in fact of some injury to Borel.
The Borel court further noted that `[w]hether the defendant's conduct was a substantial factor is a question for the jury, unless the court determines that reasonable men could not differ.'
Zimko, supra p. 26, 905 So.2d at 484 citing Borel, 493 F.2d at 1094.
Exposure in asbestos cases refers to inhalation of asbestos fibers into the lungs. Hoerner v. ANCO Insulations, Inc., 00-2333, p. 7 (La.App. 4 Cir.1/23/02), 812 So.2d 45, 55. Dr. Arnold R. Brody, an expert in the field of cell biology and pathology as it relates to asbestos, testified in the Hennegan case, stating "that mesothelioma is a disease that begins with a single fiber acting on a single cell, and it is impossible to state which of the individual's multiple exposures was causative of mesothelioma."
In the case sub judice it is undisputed that Mr. Danos worked at Avondale Shipyard for approximately 13 years and subsequently died of mesothelioma. The record further establishes that during the period of time Mr. Danos was employed at Avondale he worked in various capacities including electrician's helper, electrician, terminator and foreman. Mr. Danos *1128 was involved in new construction work as well as repair work. His testimony confirms that he worked on numerous types of vessels. Through his deposition testimony he verified that he worked around pipe fitters running pipes and doing work on boilers while enclosed in very dusty areas.
Further, it is common knowledge and confirmed through the deposition testimony of James Mancuso, a former electrician at Avondale, that the electricians and boiler makers worked in close proximity to one another, contributing to the exposure of asbestos from the boiler's asbestos containing parts. Mr. Danos verified in his deposition that he worked around boilers on destroyer escorts. Even though Foster Wheeler claims that its boilers were not located on the destroyer escorts, the testimony of Lester Plaisance, who built and installed boilers, refutes that claim. Mr. Plaisance accurately named Foster Wheeler as a manufacturer of boilers for at least some of the destroyer escorts.
Here we are faced with conflicting testimony regarding the presence of Foster Wheeler boilers on the destroyer escorts, just as we were in Berthelot, supra. The plaintiffs have successfully established a genuine issue of material fact regarding Mr. Danos' exposure to asbestos from Foster Wheeler's boilers. Thus, we must find that the trial court erred in granting Foster Wheeler's summary judgment. Therefore, I would reverse and remand.

ORDER
IT IS ORDERED that the rehearing filed by plaintiffs/appellants in this matter be GRANTED. The case is set for rehearing before a Five-Judge Panel on the 19th day of March, 2008 at 11:00 AM.
NOTES
[1] This case has been resolved as to all other defendants.
[2] Mr. Danos died prior to the hearing on the instant motion.