981 So.2d 725 (2008)
Peterson M. YOKUM, Nicholas H.K. Yokum, and Kenneth Van Calsem
v.
William F. VAN CALSEM, IV, Amy Van Calsem, Wife of and Bill W. Wendel.
Nos. 2007-CA-0676, 2007-C-0270.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 2008.
*727 Ralph R. Alexis III, Porteous, Hainkel & Johnson, LLP, Stuart H. Smith, Smith Stag, L.L.C., Barry J. Cooper, Jr., Cooper Law Firm, L.L.C., New Orleans, LA, for Plaintiff/Appellee.
Charles L. Stern, Jr., Alan M. Cohen, The Steeg Law Firm, L.L.C., New Orleans, LA, for Amy Van Calsem, Wife of/ and Bill W. Wendel.
Coleman D. Ridley, Jr., Emily E. Eagan, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., New Orleans, LA, A. Justin Ourso, III, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., Baton Rouge, LA, for William F. van Calsem IV.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge TERRI F. LOVE.
DENNIS R. BAGNERIS, SR., Judge.
This is an appeal by William F. van Calsem, IV, Amy van Calsem, and Bill W. Wendel ("Defendants") from a trial court judgment that: (1) granted Plaintiffs', Peterson M. Yokum, Nicholas H. Yokum, and Kenneth van Calsem, ("Plaintiffs")[1] motion for partial summary judgment; (2) denied Defendants' motion for summary judgment and exception of no right of action; (3) recognized Plaintiffs as the naked owners of the property located at 824 Royal Street in New Orleans, La.; and (3) recognized the defendants, Amy van Calsem, and her husband, Bill W. Wendel, as usufructuaries only of the property located at 824 Royal Street in New Orleans, La. Additionally, a supervisory writ application by the Plaintiffs seeking review of the trial court's decision to designate the judgment, in its entirety, as a final and appealable judgment was referred to this panel. Plaintiffs also filed a motion to dismiss Defendants' appeal only insofar as Defendants seek to appeal the denial of their motions for summary judgment and exception of no right of action.
For reasons that follow, we affirm the judgment on appeal; we grant the supervisory writ application, and vacate that part of the trial court's judgment which designated the denial of Defendants' motions for summary judgment and exception of no right of action as final and appealable; and we grant the motion to dismiss appeal filed by Plaintiffs only insofar as Defendants seek to appeal the denial of their motions for summary judgment and exception of no right of action.

FACTUAL AND PROCEDURAL BACKGROUND
This litigation arises subsequent to the succession proceedings of Julie Gay de Fazende Yokum van Calsem ("Julie"). In October 2004, Plaintiffs filed a petition for declaratory judgment and petitory action to annul and rescind sale; demand to invest sales proceeds in safe investment; and petition to receive damages against Amy van Calsem, Bill W. Wendel, and William van Calsem, for selling a piece of property without their consent. In February, 2005, the trial court granted Plaintiffs' preliminary injunction, and ordered that *728 there be an investment of the funds with the usufructuary receiving the proceeds from the investment pending the trial of the petition for declaratory judgment and permanent injunction.
On appeal, this Court affirmed the granting of injunctive relief, but amended the judgment to require the posting of a bond by Plaintiffs and remanded the case to the trial court. Peterson M. Yokum, v. William Van Calsem, XXXX-XXXX (La.App. 4 Cir. 6/21/06) 935 So.2d 736. In our prior decision, we summarized the facts as follows:
Mr. van Calsem's late wife, Julie Gay de Fazande Yokum van Calsem ("Julie"), drafted a will which she later signed on May 30, 1989. In the will she left naked ownership of a parcel of property at 824 Royal Street in the French Quarter to the Appellees, namely, her two brothers, Peterson Yokum and Nicholas Yokum, and her stepson, Kenneth van Calsem. In the same will, she also left a usufruct to her husband, William ("Bill") van Calsem. The provision reads:
3.5 824 Royal Street Property. Subject to usufruct in favor of Bill, which I hereby grant for life, I give equal shares to my stepson Kenneth van Calsem, my brother Peterson M. Yokum, and my brother Nicholas H.K. Yokum, by roots in being at my death, my real property at 824 Royal Street, New Orleans, Louisiana. Bill, as my usufructuary, shall have the fullest right to deal with this property as he may see fit, with the greatest freedom to act that can be given to a usufructuary under the Louisiana Civil Code including, particularly, but not exclusively, the right to dispose of nonconsumable things pursuant to Article 568 of the Louisiana Civil Code and to enjoy the proceeds of any deposition. Bill shall not be required to give bond as usufructuary.
Julie died on May 31, 1989, and her will was subsequently probated in the Civil District Court for the Parish of Orleans. On January 23, 1990, the district court rendered a judgment of possession recognizing Peterson Yokum, Nicholas Yokum, and Kenneth van Calsem as the legatees and owners of the subject property, subject to Bill van Calsem's usufruct. Subsequently, the succession was closed.
About thirteen (13) years later, in 2003, Bill van Calsem consulted the law firm of Jones, Walker, Waechter, Poitevent, Carrere, & Denegre, L.L.P. (Jones, Walker), for a legal opinion concerning his respective rights (1) to dispose of the Royal Street property without permission of the naked owners, (2) his right to use the proceeds, (3) when he would have to account for the proceeds, and (4) whether the naked owners would have any claim against an insurance policy that he owned on which his new wife,[2] Barbara Ann Downs van Calsem, was the beneficiary of the life insurance proceeds.
Jones, Walker later advised Bill van Calsem, via letter dated June 4, 2004, that: (1) the usufruct would terminate at his death; (2) based upon the authority conferred to him in the will, he could sell the property without the consent of the naked owners; (3) if Bill van Calsem sold the property, then his usufruct would attach to the proceeds of the sale, and his usufruct would then become a usufruct of money, and he would be bound to pay to the naked owners at the end of the usufruct, the value that the property had at the time he sold it; (4) *729 if his usufruct became a usufruct of money, that Bill van Calsem could do with the money as he saw fit; (5) the naked owners of the property would become creditors of his estate with a claim against his estate generally for the value the property was at the time Bill van Calsem sold it; and (6) the claim against Bill van Calsem's estate would not lie against any life insurance proceeds.
After receiving the written response from Jones, Walker, Bill van Calsem sold the property to his niece, Amy van Calsem, and her husband Bill W. Wendel via cash sale, for $650,000.[3] The sale[4] was made without the consent of the naked owners.
On or about September 23, 2004, the naked owners discovered[5] that the sale of the subject property was made without their consent, and the naked owners, Peterson Yokum, Nicholas Yokum, and Kenneth van Calsem, petitioned the Civil District Court for injunctive and declaratory relief on October 19, 2004. The Appellees alleged that Bill van Calsem had no authority to sell the property, but that he may have had rights to sell his usufruct. They also alleged that Bill van Calsem sold the property for far less than its fair market value and that the buyers, Bill van Calsem's niece and her husband, knew that the sale price was below fair market value. Based upon the reasons alleged in their petition, the Appellees claimed that the sale should be rescinded and Bill van Calsem's usufruct terminated, and that they should be declared the owners of the subject property.
On December 1, 2004, the Appellees subsequently filed a Petition for Preliminary Injunction to enjoin Bill van Calsem from using the proceeds of the sale while the sale and ownership dispute were pending. After hearings on the preliminary injunction and affidavits were completed on January 10, 2005, the district court took the matter under advisement. On February 23, 2005, the district court granted the Appellees' preliminary injunction, but did not issue a separate writ of injunction served on Bill van Calsem. No written reasons were given. Bill van Calsem timely perfected his appeal.
While this Court was addressing the appeal of the preliminary injunction, the Plaintiffs filed a motion for summary judgment asking the trial court to recognize them as the naked owners of the subject property. Defendants, Amy van Calsem, and Bill W. Wendel, filed a motion for summary judgment as well as an exception of no right of action. Defendant, William van Calsem also filed a motion for summary judgment.
On July 14, 2006, after a hearing on the cross motions, the trial court: (1) granted the partial summary judgment in favor of Plaintiffs; (2) denied Defendants' motion for summary judgment and exception of no right of action; (3) recognized the Plaintiffs as the naked owners of 824 Royal Street; and (4) recognized Amy van Calsem, and Bill W. Wendel, as the usufructuaries only of the property located at 824 Royal Street. Thereafter, Defendants filed a motion to designate the judgment *730 as a final and appealable judgment. The trial court granted the motion and designated the July 14, 2006 judgment, in its entirety, as a final and appealable judgment.

ARTICLE 1915B CERTIFICATION
Plaintiffs argue that the trial court erred when it designated the denial of Defendants' motions for summary judgment and exception of no right of action as final and appealable. Plaintiffs acknowledge that the judgment granting their motion for summary judgment was a partial judgment, and suggest that the trial court correctly determined that the judgment granting the summary judgment was final and appealable.
Acts 2005, No. 205, § 1 amended La. C.C.P. article 2083 to provide that "[a]n interlocutory judgment is appealable only when expressly provided by law." The amendment does not change the appealability of partial final judgments pursuant to La. C.C.P. article 1915(B). 2005 Comments, La. C.C.P. article 2083. La. C.C.P. article 1915(B)(1) states:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
In the present case, the trial court certified the judgment granting the Plaintiffs' motion for summary judgment as final and appealable. Plaintiffs do not dispute the trial court's finding that there was no just reason for delay under La. C.C.P. article 1915. However, Plaintiffs argue that the trial court abused its discretion when it designated the denial of Defendants' motions for summary judgment and exception of no right of action as final and appealable.
An appeal does not lie from the trial court's refusal to maintain a motion for summary judgment. La. C.C.P. Art. 968. The trial court had no authority under La. C.C.P. article 1915 to designate the judgment denying Defendants' motion for summary judgment and exception of no right of action. Further, the amendment of La. C.C.P. article 2083 removed any discretion the trial court had in allowing an appeal of the interlocutory judgments. Thus, the trial court erred when it designated the portion of the judgment denying Defendants' motions and exception as final and appealable.
Accordingly, we find Plaintiffs' writ application, as well as Plaintiffs' motion to dismiss appeal insofar as Defendants seek to appeal the denial of their motions for summary judgment and exception of no right of action, have merit and are granted. The trial court's judgment designating the denial of Defendants' motions for summary judgment and exception of no right of action is hereby vacated, and we dismiss the appeal of Defendants insofar as they seek to appeal from the interlocutory ruling denying their motions for summary judgment and no right of action.[6]

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria *731 that govern the district court's consideration of whether summary judgment is appropriate. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, as noted by the Supreme Court in Independent Fire Insurance Co., the trial court cannot make credibility determinations on a motion for summary judgment. Independent Fire Insurance Co., p. 16, 755 So.2d at 236. As this Court noted in Berthelot v. Avondale Industries, Inc., 02-1779, p. 3 (La.App. 4 Cir. 2/26/03), 841 So.2d 91, 93 "[i]t is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure."
The burden of proof remains with the mover. Board of Assessors of the City of New Orleans v. City of New Orleans, 02-0691, p. 8 (La.App. 4 Cir. 9/25/02), 829 So.2d 501, 506.
"However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require the mover to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Board of Assessors of the City of New Orleans, at pp. 8-9, 829 So.2d at 506. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. at p. 9, 829 So.2d 506; La. C.C.P. art. 966(C)(2).
A fact is material if it is essential to plaintiff's cause of action under the applicable theory of recovery and if without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. "Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute." Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992).

DISCUSSION
On appeal, Defendants assign the following assignments of error: (1) that the trial court erred in granting Plaintiffs' motion for partial summary judgment; (2) that the trial court erred in decreeing that the Act of Cash Sale and Act of Transfer and Clarification conveyed to Amy van Calsem and Bill W. Wendel only a usufruct over the property, rather than full ownership; (3) that the trial court erred in decreeing that Plaintiffs remain naked owners of 824 Royal Street, even after the execution of the Act of Cash Sale and Act of Transfer and Clarification.
Judgments of possession are prima facie evidence of the right of the parties recognized therein to possession of the estate of the deceased. La. C.C.P. art. 3062. In this case, the judgment of possession, dated January 5, 1990, rendered in the Succession of Julie, No. 89-14399 of the Civil District Court for the Parish of Orleans, stated in pertinent part as follows:

*732 IT IS ORDERED, ADJUDGED, AND DECREED that:
2. William F. van Calsem IV is recognized as the legatee and the owner and is sent into possession under benefit of inventory, including the protection of La.Rev.Stat. § 9:1421 of the usufruct for life, without bond, of the following property belonging to the Succession of the deceased (emphasis added):
Property and improvements, including residence, located at 824 Royal Street, New Orleans, Louisiana, more fully described as follows:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes and advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the Second MUNICIPAL DISTRICT of the CITY OF NEW ORLEANS, in SQUARE NO. 47 thereof, which square is bounded by ROYAL, ST. ANN, DUMAINE AND CHARTRES STREETS, measuring forty (40') feet front on Royal Street, by a depth of one hundred twenty (120') feet between equal and parallel lines, American measure;according to a sketch of survey by Gilbert & Kelly dated February 11, 1938, said portion of ground is designated by the number 17 and measures forty-two feet, seven inches, five lines (42' 7" 5'") front on Royal Street, by a depth of one hundred twenty-seven feet, ten inches, six lines (127' 10" 6'") between equal and parallel lines, commencing at a distance of one hundred fourteen feet, ten inches, two lines (114' 10" 2'") from the corner of Royal and Dumaine Streets.
The improvements thereon bear the Municipal No. 824 Royal Street.
* * *
3. Peterson M. Yokum, Nicholas H.K. Yokum, and Kenneth R. van Calsem are recognized as the legatees and the owners and are sent into possession under benefit of inventory, including the protection of La.Rev.Stat. § 9:1421, of the following property belonging to the Succession of the deceased, subject to the usufruct in favor of William F. van Calsem IV:
Property and improvements, including residence, located at 824 Royal Street, New Orleans, Louisiana, more fully described as follows:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes and advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the SECOND MUNICIPAL DISTRICT of the CITY OF NEW ORLEANS, in SQUARE NO. 47 thereof, which square is bounded by ROYAL, ST. ANN, DUMAINE AND CHARTRES STREETS, measuring forty (40') feet front on Royal Street, by a depth of one hundred twenty (120') feet between equal and parallel lines, American measure; according to a sketch of survey by Gilbert & Kelly dated February 11, 1938, said portion of ground is designated by the number 17 and measures forty-two feet, seven inches, five lines (42' 7" 5'") front on Royal Street, by a depth of one hundred twenty-seven feet, ten inches, six lines (127' 10" 6'") between equal and parallel *733 lines, commencing at a distance of one hundred fourteen feet, ten inches, two lines (114' 10" 2'") from the corner of Royal and Dumaine Streets.
The improvements thereon bear the Municipal No. 824 Royal Street.
The Plaintiffs cite to a state court decision, Succession of McCarthy, 583 So.2d 140 (La.App. 1st Cir.1991) for the proposition that the judgment of possession controls the rights and obligations of the parties in this case. In Succession of McCarthy, the decedent's will had left the naked ownership of decedent's property to his three children, and a usufruct in favor of the surviving spouse over the children's naked ownership interest. Id. Under the law in existence at the time, a testamentary confirmation of a legal usufruct, absent an express grant for life for a shorter period, terminated upon remarriage, by operation of law. However, a judgment of possession was rendered recognizing the children as naked owners, and recognizing the surviving spouse as usufructory, but further recognizing the surviving spouse as having a lifetime usufruct. When the children realized that the judgment of possession mistakenly granted a lifetime usufruct they sought to reopen the succession and to correct and appeal the judgment. The trial judge, affirmed by the First Circuit Court of Appeal, refused to allow the reopening of the succession, and recognized the finality of the judgment of possession. Thus, even though the will provided lesser rights to the usufructuary, the judgment of possession, which provided greater rights to the usufructory, was held to be controlling. As stated by the First Circuit Court of Appeal,
. . . in this case, this testamentary disposition was recognized in the petition for possession and in the Judgment of Possession as a life usufruct. The children did not seek to have the judgment amended, they did not make an application for new trial, they did not seek to have the judgment annulled nor did they appeal. The Judgment of Possession is final.
Succession of McCarthy, 583 So.2d at 142.
In this case, even though William van Calsem claims that he was given greater rights in the decedent's will than what appears in the judgment of possession, we find, for the same reasons in Succession of McCarthy, that the judgment binds the parties. The judgment of possession, which is recorded in the conveyance records of the Parish of Orleans, and which is the same judgment of possession that was referenced in the original Act of Sale (which is the subject of this lawsuit) merely grants William van Calsem "the usufruct for life, without bond" over the property located at 824 Royal Street, New Orleans, Louisiana. Accordingly, we do not find that the trial court erred in holding that the decedent's judgment of possession controlled the rights and obligations of the parties, specifically the naked ownership interests of the Plaintiffs and the usufruct interest of William van Calsem.
The Act of Cash Sale, entered into on September 3, 2004, states in pertinent part:
William F. van CALSEM, IV, who is usufructory of the Estate of the Successor of Julie Gay deFazende Yokum van Calsem (89-14399 Civil District Court of Orleans) does herein convey his interest as granted to him under the Judgment of Possession which is registered under COB Instrument No. 15914, Orleans Parish, Louisiana. (emphasis added)
who declared and said that for the price and consideration, and on the terms and conditions hereinafter expressed, he *734 does, by these presents, grant, bargain, sell, convey, transfer, assign, set over, and deliver any and all interest he has or might have in the hereinafter described property, with all legal warranties, unto: (emphasis added)
AMY van CALSEM, wife of and BILL W. WENDEL . . .
As such, the Act of Cash Sale could have only conveyed William F. van Calsem's usufruct interest since the only interest he had in the property pursuant to the judgment of possession was a usufruct interest.
Accordingly, we hereby affirm the trial court's judgment, which granted Plaintiffs' motion for partial summary judgment and recognized Plaintiffs as the naked owners of the property located at 824 Royal Street in New Orleans, La., and recognized the defendants, Amy van Calsem, and Bill W. Wendel, as usufructuaries only of the property located at 824 Royal Street in New Orleans, La.
Additionally, we grant the supervisory writ application filed by Plaintiffs seeking review of the trial court's decision to designate the judgment, in its entirety, as a final and appealable judgment, and we grant Plaintiffs' motion to dismiss Defendants' appeal only insofar as Defendants seek to appeal the denial of their motions for summary judgment and exception of no right of action. The trial court's judgment designating the denial of Defendants' motions for summary judgment and exception of no right of action is hereby vacated, and we dismiss the appeal of Defendants insofar as they seek to appeal from the interlocutory ruling denying their motions for summary judgment and no right of action.
JUDGMENT AFFIRMED; WRIT GRANTED; MOTION GRANTED.
NOTES
[1] Plaintiffs, Peterson M. Yokum and Nicholas H. Yokum, are the brothers of the decedent, Julie Gay de Fazende Yokum van Calsem. Plaintiff Kenneth van Calsem is the son of defendant William van Calsem and was the step-son of the decedent, Julie Gay de Fazende Yokum van Calsem.
[2] After Julie's death, Bill van Calsem remarried.
[3] The actual appraised value of the property, per the Appellees' brief, was approximately $1,900,000.00.
[4] The Act of Sale was dated September 3, 2004.
[5] The Appellees' allege that the sale was kept secret from them because Bill van Calsem and the Wendels had previously approached the Appellees and asked them to sell the property, but the Appellees were not interested in selling the Royal Street property.
[6] Although Defendants argue that this Court can convert their appeal into an application for supervisory writ, we find that because the appeal was filed more than 30 days after the date of the notice of judgment, it is time-barred. See Rule 4-3 Uniform Rules  Courts of Appeal.