WARD, Judge.
Mrs. Singleton brought suit against her lessor, Mrs. Sims, to recover damages which she allegedly sustained when the roof collapsed on the house that Mrs. Singleton was renting from Mrs. Sims. The Trial Judge dismissed Mrs. Singleton’s suit when he granted Mrs. Sims’s peremptory exception of prescription, applying the one year prescriptive period to actions tortious in nature and grounded on Article 2315 of the Louisiana Civil Code. Mrs. Singleton filed a Motion, which the Trial Judge denied, for a new trial and/or hearing. Mrs. Singleton has appealed the denial of that motion.
The issue before this court is whether the prescriptive period of one year bars the prosecution of this lawsuit. We affirm the Trial Judge’s holding that it does.
The facts giving rise to this action are brief. The roof of the house which Mrs. Singleton was renting from Mrs. Sims collapsed in February, 1981. In July of 1982, more than one year after the accident, Mrs. Singleton filed her lawsuit. In her petition, she itemized these damages:
A. Loss of furniture and personal belongings_ $5,000.00
B. Mental anguish, aggravation and inconvenience_ $5,000.00
C. Other expenses pertaining to finding other living quarters, baby sitting expenses, food, motel expenses, etc_ $5.000.00
TOTAL__$15,000.00
and she asked for legal 'interest from the date of judicial demand.
After her suit was dismissed on the peremptory exception of prescription, Mrs. Singleton argued in her motion for a new trial and/or hearing, as she argues in this appeal, that her action for damages arose from the breach of a contract of lease between the lessor and lessee, and, therefore, the action has a prescriptive period of ten years under La.C.C. Art. 3544. On the other hand, Mrs. Sims argues that the claim for any damages which are occasioned from the “vice and defects of the thing” leased is an action ex delicto and prescribes after one year under La.C.C. Art. 3536.
The rules for the granting of a new trial are set out in Arts. 1971 — 1979 of the La.C. G.P., and Art. 1972 states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
* * * * * *
Mrs. Singleton would clearly be entitled to a new trial if her suit were one in contract. Mrs. Singleton primarily relies on McCrory Corp. v. Latter, 331 So.2d 577 (La.App. 1st Cir.1976) writ denied, 334 So.2d 229 (La.1976) to support her claim. In McCrory, the plaintiff-lessee sued for damages that were caused by the flow of water into the leased premises by a broken water pipe. In that case, the First Circuit Court held that the ten year prescription period applied because the damage was from a breach of the lessor’s obligation under a specific lease provision to keep the basement waterproof. The court distinguished that particular contractual obligation of the lessor from both the covenant to repair and the statutory duty of the lessor to guarantee the lessee against all the vices and defects of the thing leased, La.C.C. Art. 2695.
*635 In this case, there is no claim of a specific lease provision, and the jurisprudence has clearly held that an “action by a lessee against a lessor for damages caused by defects in the leased premises” is an action ex delicto and has a prescription period of one year. Aiola v. DiMartino, 136 So.2d 151 (La.App. 4th Cir.1962).
Additionally, in the original petition, Mrs. Singleton itemized personal injury and property damage, and made a demand for interest under La.R.S. 13:4203, all reflecting an action in tort to which the Trial Judge properly applied the one-year prescriptive period in La.C.C. Art. 3536.
For these reasons, we affirm the judgment of the Trial Judge and assess all costs to Mrs. Singleton.
AFFIRMED.