PAUL A. BONIN, Judge.
hThe Plaquemines Parish Government seeks reversal of the trial court’s partial summary judgment that dismissed with prejudice its tort claim, asserted as one of the claims in its reconventional demand, against M.R. Pittman Group, L.L.C., on the grounds of prescription. Plaquemines Parish argues that the trial judge incorrectly decided that there was no genuine issue of material fact whether the softening doctrine of contra non valentem was applicable.
Because the partial summary judgment was not a final appealable judgment, we first decide in our discretion to exercise our supervisory' jurisdiction and convert the appeal to an application for supervisory review, which we[1] grant. ' Exercising our supervisory jurisdiction and upon our de novo' review of the partial summary judgment, we find that there are genuine issues" of fact material to” the contra non valentem issue raised by Plaquemines Parish which preclude' summary judgment on that issue. Thus, we conclude that the trial judge incorrectly granted the motion for partial summary-judgment and, accordingly, reverse.
We explain our decision in more detail below.
Before we begin our explanation; however, we note "'that this is but one of four caseS-to date-which bear the same caption because they all arise from the same trial court proceedings.
Today we are releasing simultaneously with this decision two other decisions involving prescription issues, one of which importantly needs to be distinguished from this appeal. That one involves Plaque-mines Parish’s third party demand against Pittman’s insurer, The Gray Insurance Company, involving the identical underlying tort. Gray, unlike Pittman, however, raised its objection of prescription not by a way of a motion for summary judgment but rather by the peremptory exception of prescription. There, primarily because of the different standard of review which applies, we affirm the trial court’s decision sustaining the exception finding that Plaquemines Parish’s tort claim against Gray is prescribed. See MR Pittman, LLC v. Plaquemines Parish Government, 15-0513 (La.App. 4 Cir. 12/2/15), 182 So.3d 303, 2015 WL 7783710." We develop more fully, these contrasting, results in Part VIB, post.
*316 Another decision we. are releasing today addresses yet another appeal which involves prescription. There, Pittman sued the engineering firms involved in the -same construction project. The engineering firms filed a j,oint exception of prescription which .was sustained by the trial .judge. We affirmed that ruling. See MR Pittman, LLC v. Plaquemines Parish Government, ,15-0396 (La.App. 4 Cir. 12/2/15), 182 So.3d 291, 2015 WL 7783693.
[¡¡We have previously dismissed a third decision in an appeal filed by Plaquemines Parish against the engineering firms who, among other things, designed the wing wall at issue in this appeal. We dismissed that appeal because the trial court judgment was not a final appealable judgment, as is the judgment appealed from here, and the motion for appeal had not been filed within the limited time permitted for applying for supervisory relief. See MR Pittman, LLC v. Plaquemines Parish Government, 15-0395, p. 6 (La.App. 4 Cir. 9/16/15), 176 So.3d 549, 553.
II
Before we examine the merits of the summary judgment in favor of Pittman, we must address the appealability of the partial summary judgment itself. The judgment dismissed Plaquemines Parish’s tort claim for damage to the wing wall with prejudice. That tort claim was only one of the claims asserted in Pittman’s reconventional demand; the judgment left untouched Plaquemines Parish’s contractual claims brought by way of reconventional demand against Pittman. See La. C.C.P. art. 966 E (“A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of summary judgment does not dispose of the entire case as to that party or parties.”). ;
 While such a judgment might qualify as a partial final judgment under Article 1915 B(l) of the Louisiana Code of Civil Procedure, it would need such a | .¡designation by the trial judge in order for a party to have an appeal of right.[1] See Lalla v. Calamar, N.V., 08-0952, pp. 5-6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. But this judgment did not receive the requisite jurisdictional designation by the trial judge. We thus treat it as an interlocutory' judgment, and not a partial final judgment. An interlocutory judgment is not appealable unless expressly provided by law. See La. C.C.P. art. 2083 C; Lalla, 08-0952, p. 6, 5 So.3d at 931. And we cannot determine the merits of an appeal until our jurisdiction is properly invoked by a valid appealable judgment. See Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328, p. 1 (La.App. 4 Cir. 9/23/15), 176 So.3d 668.
The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. See La. C.C.P. art. 2083; In re Succession of Scheuermann, 15-0041, p. 13 (La.App. 4 Cir. 5/22/15), 171 So.3d 975, 983 (“Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can — when appropriate — convert the improper appeal to such an applica *317 tion”). La. Const. Art.. V, § 10(A) provides that a court of appeal has “supervisory jurisdiction oyer cases. which , arise within its circuit.” See Francois v. Gibeault, 10-0180, 10-0181, p. 2 (La.App. 4 Cir. 8/25/10), 47 So.3d 998, 1000.
IsHere, an important consideration for us in converting the appeal to an application for supervisory reliefs is that we have decided the nearly identical factual issue in MR Pittman, LLC, 15-0513, on a properly filed appeal but under a different standard of review; and we are concerned that declining to exercise our supervisory jurisdiction might inadvertently suggest that this ruling was legally correct."
Accordingly, in the interest of justice, and especially considering that this appeal was filed within the delays allowed for applying for supervisory writs, see Rulé 4-3, Uniform Rules-Courts of Appeal, we convert the pending appeal to a writ application for review under our supervisory jurisdiction. See Francois, 10-0180, 10-0181, p. 2, 47 So.3d at 1000. Notably, in MR Pittman, LLC, 15-0395, as we have indicated, the motion for appeal of the partial summary judgment was not filed within the delay for applying for supervisory writs. See MR Pittman, LLC, 15-0395, p. 6, 176 So.3d at 553. (“Therefore, because the petition for appeal was filed outside the limited time allowed for filing the writ application, we decline to exercise our supervisory jurisdiction by converting the improperly filed appeal to a writ application.”). See also Delahoussaye v. Tulane University Hosp. and Clinic, 12-0906, 12-0907, p. 5 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 563 (and cases cited therein).
Ill
With those 'preliminary matters ' addressed, we now turn to a brief explanation of the .procedural aspects of this matter, essential to an understanding of |fiour decision. We, however, point to our decision in MR Pittman, LLC, 15-0513, and especially Part II thereof, for a complete treatment of the background of these proceedings. See MR Pittman, LLC, 15-0513, pp. 3-7, 182 So.3d at 306-08.
. This matter arises out of a construction project in which Plaquemines Parish sought to rebuild a parish-operated drainage pumping station that was damaged by Hurricane Katrina. Shortly before the project’s December 2011 .completion, Pittman, the project’s general contractor, filed suit against Plaquemines Parish and several- of the parish’s engineering firms, in which it claimed damages from the. defendants’ actions. In a June 30, 2014 amended answer, Plaquemines Parish brought both a reconventional demand against Pittman, in which it alleged a tort-based claim for property damages to the pumping station’s wing wall, and a third-party direct action ■ claim against Pittman’s insurer, Gray, in which it. alleged that Gray was liable for Pittman’s tortious conduct.[2]
Both Pittman and Gray sought dismissal of Plaquemines Parish’s tort claim on the basis of prescription. Gray filed a peremptory exception of prescription. Pittman, on the other hand, filed a motion for summary judgment, adopting specifically those reasons asserted by Gray in support of its exception. Plaquemines Parish, responding identically to both Gray’s and Pittman’s defenses, argued that the doctrine of contra non valentem should be used to toll the one-year prescriptive period. It also asked the trial judge, by way of alternative argument, to |7preserve its claim for damage to the wing wall as an *318 offset claim in the event he concluded that; its damage claim had prescribed. See' La. C.C.P. art: 424.-
The trial court’ sustained Gray’s exception after holding an evidentiary hearing on February 23, 2015. In sustaining Gray’s exception, the trial judge concluded as a matter of fact that Plaquemines Parish’s exhibits did not establish that Pittman attempted to conceal the damage to the wing wall, committed fraud, or engaged in ill-practices. See MR Pittman Group, 15-0513, p. 6, 182 So.3d at 307-08. He also refused to find that Pittman mis-characterized the cause of the damage. Id. And the trial judge concluded as a matter of fact that Plaquemines Parish knew that there was a problem with the wing 'wall by April 13, 2011, but that its inaction in investigating the cause of the problem was not reasonable." Id.
Eight weeks later, the trial court held a show cáuse hearing on Pittman’s motion. At the close of this hearing,- the trial judge granted the motion and dismissed with prejudice Plaquemines Parish’s tort claim against Pittman for “the same reasonings” that he used in sustaining Gray’s exception. On the other hand, the trial judge left untouched Plaquemines Parish’s recon-ventional contract claims against Pittman. He also accepted Plaquemines Parish’s alternative argument and the resulting judgment notes- specifically: “This- dismissal will not affect the ability of Plaquemines Parish Government to assert the dismissed tort claims as an offset to the claims of M.R. Pittman Group, L.L.C. against Parish [sic] Plaquemines Government.”
We now examine the statutory law and jurisprudence applicable to our review of Pittman’s motion for summary judgment ahd the contra non valentem doctrine.
A
A trial court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. See La. .C.C.P. art. 966 B; Catahoula Parish School Board v. Louisiana Machinery Rentals, LLC, 12-2504, pp. 8-9 (La.10/15/13), 124 So.3d 1065, 1071.
On a motion for summary judgment, the burden of proof remains with the movant. See La. C.C.P. art. 966 C(2).[3] Once the mover establishes a prima facie showing that the motion should be granted, the non-moving party shall present evidence to demonstrate genuine material factual issues remain and failure to do so mandates the granting of the motion. See Hayes v. Sheraton Operating Corp., 14-0675, p. 3 (La.App, 4 Cir. 12/10/14), 156 So.3d 1193, 1196. A “genuine issue” is a “triable is *319 sue,” or one as to which reasonable persons could disagree. See Hogg v. Chevron USA, Inc., 09-2632, 09-2635, p. 6 (La.7/6/10), 45 So.3d 991, 997. A “material fact” is a fact, the existence or non-existence of which may be essential to a cause of action under the applicable theory of recovery. Id.
B
The defense of prescription, while typically asserted by way of peremptory exception, may be raised by motion for summary judgment. See Hogg, 09-2632, p. 6, 45 So.3d at 997. Electing to advance a prescription defense in this fashion, as opposed to peremptory exception, alters the applicable burden of proof and the resulting manner in which we review the subsequent judgment
The party pleading the peremptory exception of prescription bears the burden of proving that the claim has prescribed. See Ansardi, v. Louisiana Citizens Property Ins. Co., 11-1717, 12-0166, p. 21 (La.App. 4 Cir. 3/1/13), 111 So.3d 460. However, when the face of the petition reveals that a party’s claim has prescribed, the burden shifts to the opponent to show why the claim has not' prescribed. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).[4] Similarly, the party who asserts the benefit of contra non valentem bears the burden of proving its requisite elements and applicability. See Barbe v. American Sugar Refining, Inc., 11-0544, p. 4 (La.App. 4 Cir. 12/14/11), 83 So.3d 75, 79.
|inAs noted by the Supreme Court in Hogg, the allocation of the burden of proof is “altered somewhat” when a party elects to advance a prescription defense by way of motion for summary judgment rather than .through a peremptory exception. 09-2632, p. 7, 45 So.3d at 998, In this instance, “the. movant is required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine material factual issue in dispute regarding the date upon which the plaintiffs acquired actual or constructive knowledge of the damage sufficient,, to commence the running of prescription.’’ Hogg, 09-2632, pp, 7-8, 45 So.3d at 998.[5] On the other hand, the party alleging contra non valentem in opposition to a. prescriptive motion for summary judgment must demonstrate that genuine- issues of material fact exist relating to one or more of the four categories of contra non valentem, thus entitling the opponent to invoke the doctrine so as to defeat summary judgment. See ASP Enterprises, Inc. v. Guillory, 08-2235, pp. 15-16 (La.App. 1 Cir. 9/11/09), 22 So.3d 964, 974.
We review de novo a'-judgment granting an exception of prescription because it raises' a legal' question. See Metairie III v. Poche’ Const., Inc., 10-0353, p. 3 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449. When evidence is introduced and evaluated at the trial' of a peremptory exception, we review the entire record to determine whether thé trial court manifestly erred with its factual conclusions. See Davis v. Hibernia Nat. Bank, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. An appellate court should not disturb a trial court’s factual findings supporting prescription unless they are clearly *320 wrong. See Carter v. Haygood, 04-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267.
' When the defense of prescription is raised by way of summary judgment, wé review the resulting judgment 'de novo, “using the same criteria used by the trial court in determining whether summary judgment is appropriate.” Hogg, 09-2632, p. 6, 45 So.3d at 997. In contrast to a trial judge’s role when ruling on an exception of prescription, a trial judge cannot make credibility determinations'- on a motion for summary judgment. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 16 (La.2/29/00), 756 So.2d 226, 236. Similarly, when ruling on a motion for summary judgment a trial judge cannot consider the merits, evaluate testimony, or weigh evidence. See Suire v. Lafayette City-Parish Consol. Gov’t, 04-1459, 04-1460, 04-1466, p. 11 (La.4/12/05), 907, So.2d 37, 48. On the other hand, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. See Citron v. Gentilly Carnival Club, Inc., 14-1096, p. 12 (La.App. 4 Cir. 4/15/15), 165 So.3d 304, 312.
C
“The nature of a cause of action must be. determined before ft can be decided which prescriptive term is applicable.” See Albe v. City of New Orleans, 14-0186, p. 8 (La.App. 4 Cir. 9/17/14), 150 So.3d 361, 367, writ denied, 14-2166 (La.12/8/14), 153 So.3d 445. The character of an action disclosed in the |12pleadings determines the prescriptive period applicable to that action. Id. Plaquemines Parish’s petitions allege numerous claims, but only one tort is lodged against Pittman — a property damage claim for. damage to the wing wall. Plaquemines Parish does not dispute that this claim is delictual, or tort-based, and-thus subject to a one-year prescriptive period. See La. Civil Code art. 3492; Pracht v. City of Shreveport, 36,504, p. 7 (La.App. 2 Cir. 10/30/02), 830 So.2d 546, 550; Singleton v. Simms, 438 So.2d 633, 635 (La.App. 4th Cir.1983).
D
Although La. Civil Code art. 3467 provides that “prescription runs against all persons unless exception is established by legislation,” Louisiana jurisprudence has long recognized the doctrine of contra non valentem as a means of suspending the running of prescription-when the circumstances of a case fall within one of four categories.[6] See Frank L. Maraist and Thomas C. Galligan, Louisiana Tort Law § 10-4(b), 222 (1996). The Louisiana Supreme Court has indicated that the doctrine is used to “soften the occasional harshness of prescriptive statutes.” Carter, 04-646, p. 11, 892 So.2d at 1268. Nevertheless, it has also cautioned that the doctrine only applies in “exceptional circumstances.” Marin v. Exxon Mobil Corp., 09-2368, 09-2371, p. 13 (La.10/19/10), 48 So.3d 234, 245.
Louisiana jurisprudence recognizes four instances where contra non va-lentem has been applied to prevent the running of prescription: 1) where there [1swas some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the *321 creditor from suing or acting; 3) where the debtor himself has done, some act effectually to prevent the creditor from availing himself of his cause of action; and 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant, See Marin, 09-2368, 09-2371, p. 12, 48 So.3d at 245.
These categories allow “the courts to weigh the ‘equitable nature of the circumstances in each individual case’ to determine whether prescription will be tolled.” Wells v. Zadeck, 11-1232, p. 9 (La.3/30/12), 89 So.3d 1145, 1150, quoting Plaquemines Parish Commission. Council v. Delta Development Company, Inc., 502 So.2d 1034, 1056 n. 52. Here, we need only discuss the third category, because Plaquemines Parish relies upon no other in its. argument.[7]
V
We turn now to discuss the evidence presented to the trial judge in connection with Pittman’s motion. The parties to Pittman’s motion introduced into evidence the same documents introduced into evidence in connection with Gray’s | uexception of prescription. In . support of its position, Pittman relied upon the project’s June 30, 2014 notice of completion, Plaquemines Parish’s discovery responses, and extracts from the deposition of Greg Simpson, a parish employee and pump operator, to establish .that there were, no visible problems with the wing wall immediately after Hurricane Katrina. Mr. Simpson also testified in his deposition that the damage first became noticeable after Pittman’s, crane began work near the wing wall, although he .did not see the crane crack the wing wall. Pittman additionally relied upon an April 14, 2010 report from All South that detailed Pittman’s work on the wing wall, as well as several attached photographs, taken during, construction of the project, which purport .to depict both Pittman’s crane near the wing wall and the damage to .the wing wall. And Pittman relied upon extracts from the deposition of Roy Carubba, Plaquemines Parish’s expert engineer, who testified that the damage to the wing wall could have •been' observed by April 14, 2010. Based upon these exhibits, Pittman, like Gray, argued that Plaquemines Parish’s tort claim was prescribed because it was brought more than two and one-half years from Pittman’s completion of the project in December, 2011 and more than four years from Plaquemines Parish’s discovery of the damage.[8]
Plaquemines Parish, in support of its contention that Pittman’s actions damaged the wing wall, introduced extracts from Mr. Simpson’s deposition | iswherein he testified that one of All South’s engineers,- in *322 addition to another parish pump operator, noticed the damage during the course of construction. It also introduced several reports from Mr. Carubba, who concluded that the damage was caused by Pittman’s positioning of a crane "adjacent to the existing wall and overloading the wall causing it to be permanently damaged.” In support of its contention that Pittman intentionally lulled it into inaction, Plaque-mines Parish pointed to the minutes from an April 13, 2011 project meeting between representatives of Plaquemines Parish, Pittman, All South, and Stuart Consulting which discussed, among other things, problems with the wing wall:
The wing wall work began with discussion of the existing wing wall structure. [Plaquemines Parish] believes that the existing wall is now beginning to lean into the intake basin. [Plaque-mines Parish] questioned Pittrqan whether this wall is failing and the possible causes of this failure or if the problem is a design issue. [Pittman] responded that they have not placed any additional load on the wall that was not present since the start of construction. These concerns were discussed in-house, but without direction from the design team, [Pittman] did not pursue further. [Pittman] believes that the wall may have a design issue due to the several foot cantilever the wall must support without tie-backs. [Stuart Consulting] was not aware who among the design team designed the wing wall but would look into the information.
Based upon its . exhibits, Plaquemines Parish argued that Pittman’s allegedly deceptive statements at the April 13, 2011 project meeting served to toll the applicable one-year prescriptive period on its re-conventional tort claim.
VI
In this Part wé examine the evidence in light of the previously discussed law. We pretermit discussing whether Plaquemines Parish’s reconventional tort claim against Pittman, in the absence of its plea of contra non valentem, would lifiQtherwise be prescribed. This is so because we conclude that Plaquemines Parish has established genuine issues of material fact as to the applicability of the contra non valentem doctrine. Given these genuine issues of material fact, the trial judge improperly granted Pittman’s Motion for Summary Judgment on the grounds of prescription.
Plaquemines Parish, as noted, relies upon the third category of contra non valentem, which prevents the running of prescription "when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action.” Albe, 14-0186, p. 9, 150 So.3d at 368, quoting Ames v. Ohle, 11-1540, p. 15, (La.App. 4 Cir. 5/23/12), 97 So.3d 386, 395. This category of contra non valentem “has been applied to cases where a defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other ‘ill practices’) which tend to hinder, impede, or prevent the plaintiff firom asserting his cause of action, as long as plaintiffs delay in bringing suit is not. willful or the result of his own negligence.” Albe, 14-0186, pp. 9-10, 150 So.3d at 368, citing Marin, 09-2368, 09-2371, p. 23, 48 So.3d at 251-252. This category is implicated only when: 1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; 2) the defendant’s actions effectually prevented the plaintiff from pursuing a cause of action; and 3) the plaintiff must have been reasonable in his or her inaction. See Marin, 09- *323 2368, 09-2371, p. 24, 48 So.3d at 262; Allstate Ins. Co. v. Fred’s Inc., 09-2275 (La.1/29/10), 25 So.3d 821 (contra non va-lentem not applicable where | ^plaintiff’s lack of due diligence resulted in failure to ascertain manufacturer’s identity . which was not disclosed on label). Contra non valentem, therefore, .will not toll a .claim if the claimant’s “ignorance is attributable to his own willfulness, neglect, or unreasonableness.” Dominion Exploration & Prod., Inc. v. Waters, 07-0386, 07-0287, p. 14 (La.App. 4 Cir. 11/14/07), 972 So.2d 350, 360.
Clearly, a determination as to whether this third category can be employed to .toll the effects of an otherwise prescribed claim depends upon the weighing of evidence, the characterization, vet non, of a defendant’s actions as improper or fraudulent, and the making of a credibility determination as to whether a claimant’s inac-tions are reasonable. Here, the trial judge relied exclusively on ■ factual findings he made within the context of sustaining Gray’s exception of prescription in order to deny Plaquemines Parish’s contra non va-lentem defense against Pittman’s motion for summary judgment.
In both cases, Plaquemines Parish has argued that Pittman lulled it into believing that it did not have a tort claim because of Pittman’s April 13, 2011 statements that it had not “placed any additional load on the wall that was not present since the start of construction,” and that the problem with the wing wall might be due to a design flaw. The trial judge, in ruling upon Gray’s exception, specifically rejected this proposition,' concluding instead that the exhibits introduced by Plaquemines Parish did not establish ás a matter of fact that Pittman attempted to conceal the damage to the wing wall, committed fraud, or engaged in ill-practices. Similarly, while the trial judge characterized Pittman’s April 13,11⅝2011 statements as “evasive,” he nevertheless concluded that Pittman did not mischaracterize the cause of the damage. And the trial judge concluded that Plaque-mines Parish’s .failure to investigate the cause of the damage to th.e wing wall was not reasonable i. in the aftermath of the April 13, 2011 meeting. Although we have held that the trial judge’s factual resolutions were neither clearly wrong nor unreasonable when made in the context of Gray’s. exception, such findings are improper in the context of Pittman’s motion for summary judgment. See MR Pittman Group, LLC, 15-0513, p. 11, 182 So.3d at 310.
As this Court has noted, “‘[i]t is not the function óf the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised.’ ” Berthelot v. Avondale Industries, Inc., 02-1779, p. 3 (La.App. 4 Cir. 2/26/03), 841 So.2d 91, 93, quoting Knowles V. McCright’s Pharmacy, Inc., 34,559, p. 3 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, 103. Additionally, the weighing of conflicting evidence has no’place in summary judgment procedure. See Yokum v. Van Calsem, 07-0676, 07-0270, p. 7 (La.App. 4 Cir. 3/26/08), 981 So.2d 725, 731. Likewise, when ruling' on a motion for summary judgment a trial judge cannot make credibility 'determinations' or evaluate testimony. See Independent Fire Insurance Co., 99-2181, 99-2257, p. 16, 755 So.2d at 236; Suire, 04-1459, p. 11, 907 So.2d at 48. Summary judgments, therefore, are seldom appropriate for determinations based on' subjective facts such of motive, intent, good faith, knowledge, or malice, or of issues that require a determination of the reasonableness- of acts and conduct of parties and'Should only be granted on such 11flsubjective issues when no genuine issue of material fact exists concerning that issue. See Davis v. Cheema, Inc., 14-1316, *324 p. 19 (La.App. 4 Cir. 5/22/15), 171 So.3d 984, 993; Kovach v. Hancock Bank of Louisiana, 14-0981, p. 10 (La.App. 4 Cir. 5/6/15), 164 So.3d 436, 443.
One cannot conclude that Pittman did not commit fraud, engage-in ill practices, or prohibit Plaquemines Parish from discovering the cause of the damage without evaluating testimony, making factual findings, or engaging in credibility determinations as to the parties’ respective motives and intents. Similarly, one cannot evaluate the reasonableness, vel non, of Plaque-mines Parish’s inaction in light of its knowledge of the damage without weighing evidence or considering the merits of the matter. The resolution of these issues is largely dependent upon how a fact-finder credits the parties’ respective testimonies or interprets the April 13, 2011 projecting meeting minutes. Reasonable , minds, clearly,, could differ as to the nature of Pittman’s actions, the intentions underlying Pittman’s “evasive” comments, or the reasonableness of Plaquemines Parish’s in-actions. See Prime Ins. Co. v. Imperial Fire & Cas. Ins. Co., 14-0323, p. 14 (La.App. 4 Cir. 10/1/14), 151 So.3d 670, 679 (“If reasonable minds could differ as to an issue of material fact, summary judgment is improper.”). The documents introduced by the parties in connection with Pittman’s motion for summary judgment clearly present genuine issues of material fact as to the applicability of the contra non va-lentem doctrine. While the resolution, of such issues is entirely proper when ruling on an exception of prescription, they are inappropriate when .made within the context of a 12nmotion for summary judgment. We must, accordingly, vacate the trial court’s June 3, 2015 judgment that granted Pittman’s motion for summary judgment and dismissed Plaquemines Parish’s recbn-ventional tort claim against Pittman.[9]
DECREE
The Plaquemines Parish Government’s appéal of thfe trial court’s June 3, 2015 judgment is converted to a supervisory writ application, which we grant. We vacate the trial court’s June 3, 2015 judgment in favor of ’M.R. Pittman Group, L.L.C., which granted its motion for summary judgment and dismissed with prejudice the Plaquemines Parish Government’s reconventional tort claim against it. We remand this-matter to the trial court for further proceedings not inconsistent with this opinion.
APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; INTERLOCUTORY RULING VACATED; REMANDED

. La. C.C.P. art. 1915 B(l) provides: “When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.”

. The "wing wall” in this .case serves as- a retaining structure used to prevent erosion and migration of the. soil surrounding the pumping station into the adjacent canal.

. La. C.C.P. art. 966 C(2) also provides:
However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse. party fails to produce factual support sufficient to establish that he will be able- to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This portion of the article, however, is not applicable to the motion under review because the party asserting the defense of prescription will, necessarily, bear the burden of proving it. See Hogg v. Chevron USA, Inc., 09-2632, 09-2635, pp. 7-8 (La.7/6/10), 45 So.3d 991, 998.

. Plaquemines Parish’s' reconventional tort claim is not prescribed on its face.

. As the Supreme Court noted in Hogg, "when the disputed issue is one of law rather than material' fact, the use of summary judgment is particularly appropriate for asserting a plea of prescription.”' 09-2632, p. 6, 45 So.3d at 997 n. 5.

. Contra non valentem non currit praescriptio means that prescription does not run against a person who could not bring his suit. See Scott v. Zaheri, 14-0726, p. 15 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 788 n. 9.

. See generally Willis v. City of New Orleans, 14-0098, p, 7 (La.App. 4 Cir. 6/18/14); 143 So.3d 1232, 1236 n. 3 ("According to the party presentation principle, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.”) (internal quotation marks omitted), citing Greenlaw v. United States, 554 U.S. 237, 243-244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). But also see La. C.C.P. arts. 2129, 2164 (“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.”); Merrill v. Greyhound Lines, Inc., 10-2827, p. 2 (La.4/29/11), 60 So.3d 600, 601 ("Based on these codal authorities, we have held that an appellate court has, the authority to consider an issue even when there is no assignment of error.”).

. We observe that Pittman has not asserted that the law-of-the-case doctrine compelled ■ the trial court to grant its motion for summary judgment. See Duncan v. Bartholomew, 11-0855, p. 18 (La.App. 4 Cir. 3/14/12), 88 So.3d 698, 711-712. In light of the party presentation principle, we decline to supply • this argument. See n. 7, ante.

. Because we vacate the judgment, we preter-mit discussion on Plaquemines Parish’s offset argument.