KEISHONNA WHITNEY ALLEN IN HER CAPACITY AS NATURAL TUTRIX FOR HER MINOR CHILDREN, N.M.S. AND D.D.A.

VERSUS

THE MICHAELS DEVELOPMENT COMPANY I, LP, DBA "CHATEAU D'ORLEANS APARTMENTS"; MICHAEL COMMUNITY SERVICES CORPORATION; MICHAELS MANAGEMENT-AFFORDABLE, LLC (FORMERLY INTERSTATE REALTY MANAGEMENT COMPANY); GULFWAY TERRACE ASSOCIATES, LP ("GULFWAY") DBA "CHATEAU D'ORLEANS APARTMENTS"; ET AL.

* NO. 2020-CA-0330

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-10536, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods)

Jason M. Baer
Casey C. DeReus
Joshua A. Stein
BAER LAW, L.L.C.
3000 Kingman Street, Suite 200
Metairie, LA 70006

Roderick "Rico" Alvendia
Jeanne K. Demarest
Kurt A. Offner
ALVENDIA KELLY & DEMAREST, L.L.C.
909 Poydras Street, Suite 1625
New Orleans, LA 70112
    COUNSEL FOR PLAINTIFF/APPELLANT

Lottie L. Bash
FAIRCLOTH MELTON SOBEL & BASH, LLC
105 Yorktown Drive
Alexandria, LA 71303

Franklin "Drew" Hoffmann
FAIRCLOTH MELTON SOBEL & BASH, LLC
9026 Jefferson Highway, Suite 200
Baton Rouge, LA 70809

    COUNSEL FOR DEFENDANT/APPELLEE

**VACATED AND REMANDED**

**DECEMBER 9, 2020**

This is a tort case. Plaintiff/appellant, Keishonna Whitney Allen, in her capacity as natural tutrix for her minor children, N.M.S. and D.D.A. ("Allen"), appeals the March 9, 2020 judgment of the district court, which granted a peremptory exception of prescription in favor of defendants/appellees, the Michaels Development Company 1, LP, Michael Community Services Corporation, Michaels Management-Affordable, LLC, and Latoya Oubichon (collectively, the "Apartment Defendants"), and dismissed Allen's lawsuit in its entirety. For the reasons that follow, we vacate the judgment and remand this matter to the district court for further proceedings.

This litigation arises from the death of Devan Smith ("Smith"), who is the father of Allen's two children. On July 21, 2017, Smith was shot and killed outside of Allen's apartment on the Apartment Defendants' premises. On October 7, 2019, more than two years after the shooting, Allen filed a petition for damages, alleging that the Apartment Defendants' negligently failed to provide adequate security on the premises. In response, on December 11, 2019, the Apartment Defendants filed

1

numerous exceptions, including an exception of prescription. The parties agreed to continue hearings on these exceptions; meanwhile Allen instituted proceedings for tutorship and to establish Smith's paternity.

On February 11, 2020, Allen filed a first supplemental and amended petition for damages (the "amended petition"), in which she alleged the following. On February 1, 2017, prior to Smith's death, Allen heard gunfire at the Apartment Defendants' premises and reported it to management personnel, who "dismissed her report and explained that they were not going to do[] anything in response to it." On September 4, 2019, she met with attorneys in connection with the investigation of another shooting on the Apartment Defendants' premises. According to the amended petition, Allen learned in that meeting, for the first time, certain facts that gave her "notice" that she may have a claim against Apartment Defendants for inadequate security. These facts included the Apartment Defendants' "on-again, off-again security measures" and "the history of similar crimes at the property." Her amended petition also stated that, at that meeting, she learned that the Apartment Defendants "assum[ed] a duty" to provide security and negligently performed that duty.

On February 13, 2020, the Apartment Defendants filed a "reurged peremptory exception of prescription." On February 20, 2020, Allen filed an opposition to the exception. Allen argued that her claims were timely under the discovery rule and that prescription did not begin to run until September 4, 2019, when she discovered facts that led her to believe she had a claim against the

Apartment Defendants. According to Allen's opposition, the facts she learned were that the Apartment Defendants had undertaken security measures at the premises but discontinued those measures and provided misleading information to apartment residents about said security. On February 26, 2020, the Apartment Defendants filed a reply in support of their exception, in which they argued that Allen's ignorance of the law, until attorneys informed her of her potential legal recourse, did not suspend prescription.

On February 28, 2020, the hearing went forward before the district court, where no testimony was taken and no evidence was introduced. On March 9, 2020, the district court rendered judgment granting the exception of prescription and dismissing Allen's lawsuit. This appeal followed.

The following principles and standard of review apply herein. "Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the date the injury or damage is sustained." *Wilhike v. Polk*, 08-0379, p. 2 (La. App. 4 Cir. 11/19/08), 999 So.2d 83, 85. Under the jurisprudential doctrine of *contra non valentem*, "the running of prescription is suspended when certain factual circumstances exist, one of which is when the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance has not been induced by the defendant." *Id.*, 08-0379, p. 3, 999 So.2d at 85 (citations omitted). Courts refer to this category of cases as the "discovery rule." *Id.* Allen argues that the discovery rule applies to her case.

3

"The peremptory exception of prescription is a procedural device by which a defendant may obtain dismissal of the action because it is time-barred." *Felix v. Safeway Ins. Co.*, 15-0701, p. 4 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 630 (internal quotation omitted). "The party pleading the peremptory exception of prescription bears the burden of proving that the claim has prescribed." *M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't*, 15-0860, p. 9 (La. App. 4 Cir. 12/2/15), 182 So.3d 312, 319 (citation omitted). However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. *Id.* "Similarly, the party who asserts the benefit of *contra non valentem* bears the burden of proving its requisite elements and applicability. *Id.*

A defendant may raise the exception of prescription "at any time, including on appeal or after the close of evidence, but prior to its submission after trial." *Turner v. Hidden Lake, LLC of AL*, 14-0240, p. 3 (La. App. 4 Cir. 3/4/15), 163 So.3d 66, 68 (quotation omitted). A district court also generally has discretion to refer an exception of prescription to the merits. *Med. Review Complaint by Downing*, 18-1027, p. 23 (La. App. 4 Cir. 5/8/19), 272 So.3d 55, 69, *writ denied*, 19-00929, 19-00939 (La. 9/24/19), 278 So.3d 979, and *writ denied*, 19-00938, 19-00943 (La. 9/24/19), 279 So.3d 936 (citing La. C.C.P. art. 929(B)).

At the hearing on a peremptory exception of prescription pleaded before trial, evidence may be introduced to support or to controvert the exception. La. C.C.P. art. 931. "In the absence of evidence, the exception of prescription must be

4

decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted). "When no evidence is introduced at the hearing on the exception, the reviewing court simply determines whether the [district] court's finding was legally correct." *Felix*, 15-0701, p. 6, 183 So.3d at 631 (quotation omitted). In determining a legal issue, a reviewing court must apply the *de novo* standard of review, under which the district court's legal conclusions are not entitled to deference. *Id.*

"Further, the standard controlling the review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Proctor's Landing Prop. Owners Ass'n, Inc. v. Leopold*, 11-0668, p. 10 (La. App. 4 Cir. 1/30/12), 83 So.3d 1199, 1206 (citation omitted). Also, "where the plaintiff has raised allegations in an argument which might be sufficient to overcome a peremptory exception of prescription, he should be allowed time to amend his petition to assert such allegations, even though the claim asserted in the original petition is prescribed on its face." *Scott v. Zaheri*, 14-0726, p. 9 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 785 (citing *Whitnell v. Menville*, 540 So.2d 304, 309 (La. 1989); La. C.C.P. art. 934).

On appeal, Allen contends that the district court erred in finding prescription was not suspended.[1] According to Allen, the district court erroneously determined

_____

[1] Allen specifies two assignments of error on appeal:

that, at the September 4, 2019 meeting, Allen learned only of a certain law that provided her with a possible legal remedy. Rather, Allen argues, the district court failed to recognize that she simultaneously learned both (1) facts underlying her claim against Apartment Defendants and (2) law potentially allowing her to file a lawsuit. Allen's lawsuit is seemingly based on the legal theory espoused in *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364, 1369 (La. 1984) and its progeny, holding that a business owner can be liable with respect to criminal acts of third parties where he voluntarily assumes a duty of protection by hiring security guards and negligently breaches that duty.

Apartment Defendants argue that, through meeting with attorneys, Allen learned about her potential legal rights, but that her previous ignorance of the law did not suspend prescription. Apartment Defendants rely on *Albe v. City of New Orleans*, 14-0186, pp. 13-14 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 370 (internal citations omitted), wherein this Court explained that there is:

> … a fundamental difference between ignorance of the facts giving rise to a legal claim, and ignorance of one's legal rights under the known facts. Although ignorance of specific facts giving rise to a legal claim can prevent the running of prescription in certain circumstances, ignorance of the law does not. Indeed, it has long been held that mere ignorance of one's rights will not toll prescription. It is not and has never been the law that one must receive notice of a law before it can affect him. The fourth category of *contra non valentem*, therefore, does not apply under these circumstances so as to toll the prescriptive period.

1. Whether the District Court erred in sustaining a peremptory exception of prescription under the unique facts of this particular case and dismissing with prejudice all of Appellant's claims against all Defendants?

2. Whether the District Court erred in failing to apply *contra non valentem* to suspend the prescriptive period under the unique facts of this particular case?

At the exception hearing, no evidence was introduced in support of or in opposition to Apartment Defendants' exception of prescription. Therefore, the allegations in Allen's amended petition must be accepted as true. *Denoux*, 07-2143, p. 6, 983 So.2d at 88. The transcript of the exception hearing reveals the district court concluded that, from meeting with attorneys on September 4, 2019, Allen learned only of her legal rights, not any specific facts. The amended petition, however, stated otherwise. Allen distinctly pled that she learned for the first time of intermittent security at the premises and a pattern of violent crime, though she knew that on one earlier occasion there had been gunfire on the property and management refused to take action.

We find that the district court legally erred by overlooking these allegations, rather than accepting them as true, and by interpreting Allen's argument as mere ignorance of her legal rights before meeting with attorneys. The district court concluded that the discovery rule did not apply to Allen's newfound legal knowledge, and there its analysis ended. We find that in doing so, the district court prematurely granted the exception and dismissed Allen's lawsuit with prejudice.

We recognize the unique posture of this case, particularly the intermingled nature of facts and law Allen allegedly learned in the September 4, 2019 meeting. Moreover, at this early stage of the litigation, the specifics of what facts Allen learned are not developed, either in her petitions or elsewhere in the record, and questions remain as to the extent of Allen's knowledge of security measures and past violent crime, as well as the reasonableness of Allen's prior ignorance of facts.

Under these circumstances, in the absence of evidence, we are unable to determine the merits of whether prescription was suspended. Ordinarily, "[a]bsent a stipulation of facts, a contradictory hearing on an exception of prescription is an evidentiary proceeding." *Baker v. Louisiana Citizens Prop. Ins. Corp.*, 12-0480, p. 7 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 73. It is apparent to this Court that a full evidentiary hearing, either of the exception or the trial on the merits, is necessary to develop facts relevant to prescription in this case. *See Caro v. Bradford White Corp.*, 96-0120, p. 10 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 619. We, therefore, vacate the district court judgment and remand for further proceedings.[2]

This Court has also held that "unless a court can determine in advance of an amendment [to a plaintiff's petition] that any new allegation could have no effect on the prescription issue, an opportunity to amend should be allowed." *Zaheri*, 14-0726, p. 15, 157 So.3d at 788. We thus instruct the district court on remand to permit Allen to amend her petition to allege, if she can, the pertinent facts that would show her claims are not prescribed.

Accordingly, for these reasons, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

---

[2] Because of our resolution of the appeal on these grounds, it is unnecessary for this Court to reach Allen's remaining arguments.